UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

XPO INTERMODAL, INC.,

    Applicant,

v.

AMERICAN PRESIDENT LINES, LTD.,
et al.,

    Respondents.

Civil Action No. 17-2015 (PLF)
[UNDER SEAL]

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon applicant's Motion for Leave to File Documents Under Seal [Dkt. 2] filed on September 29, 2017. Applicant's motion seeks to seal its Petition to Confirm Arbitration Award, as well as two exhibits attached thereto: the Binding Mediation Decision issued by the three-member mediation panel and the parties' Amended and Restated Stacktrain Services Agreement and Schedules A–F and Appendices 1–4 thereto. In support of its motion, applicant directs the Court to the confidentiality terms of the parties' Services Agreement and represents that "[b]oth parties have strong property and privacy interests in maintaining the confidentiality of these documents, as they contain highly sensitive propriety [sic] commercial information," including information regarding the parties' "rates and business practices." See Mot. 4. Beyond these general assertions, however, applicant's motion proffers little to justify sealing what, in effect, amounts to the entire substantive record in this case.

This country has a "strong tradition of access to judicial proceedings." United States v. Hubbard, 650 F.2d 293, 317 n.89 (D.C. Cir. 1980). "[A]s a general rule, the courts are

not intended to be, nor should they be, secretive places for the resolution of secret disputes." United States v. Bank Julius, Baer & Co., 149 F. Supp. 3d 69, 70 (D.D.C. 2015) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)); see also Metlife Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 665 (D.C. Cir. 2017). Accordingly, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).

To determine whether a party seeking to seal court records has overcome this presumption, courts apply a six-factor balancing test to assess:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice in those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

See EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing United States v. Hubbard, 650 F. 2d at 317–22). Records may be sealed "only 'if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires.'" Metlife Inc. v. Fin. Stability Oversight Council, 865 F.3d at 665–66 (quoting In re Nat'l Broad. Co., 653 F.2d 609, 613 (D.C. Cir. 1981)).

Given the strong presumption in favor of public access and the ease with which confidential information may be redacted from documents before they are publicly filed, the Court concludes that this matter can and should be open to the public to the greatest extent possible. The Court sees no reason to seal the entire Petition or any portion of this Memorandum Opinion and Order. It is also unnecessary to seal the exhibits in their entirety simply because

they contain or refer to confidential information. First, generalized business interests in confidentiality simply "do[] not rise to the level of the privacy and property interests that courts have permitted to outweigh the public's right of access." See In re McCormick & Co., Misc. No. 15-1825, 2017 WL 2560911, at *2 (D.D.C. June 13, 2017); cf. Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983). This is particularly so where trade secrets, pricing, and other sensitive information regarding business practices or strategies may be redacted. See In re McCormick & Co., 2017 WL 2560911, at *2; Fudali v. Pivotal Corp., 623 F. Supp. 2d 25, 28 (D.D.C. 2009). Furthermore, the parties' mutual desire for confidentiality, without more, does not justify the sealing of the entire substantive record of the case. See Grynberg v. BP P.L.C., 205 F. Supp. 3d 1, 3 (D.D.C. 2016) (explaining that even if disclosure would violate the terms of the parties' settlement and confidentiality agreements, such agreements between private parties "do not dictate whether documents can be filed under seal" (citing In re Fort Totten Metrorail Cases, 960 F. Supp. 2d 2, 9–11 (D.D.C. 2013))); see also Am. Prof. Agency v. NASW Assurance Serv., 121 F. Supp. 3d 21, 25 (D.D.C. 2013); Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d at 1180.

Here, it appears that the exhibits to applicant's Petition do include some potentially sensitive business information, including rates and schedules, but the filings otherwise do not warrant sealing from the public. The Court thus sees no reason why the Petition itself should not be made publicly available in full, nor any reason why the exhibits thereto should not be made generally available, with only the most sensitive information redacted. The Court is confident that a more rigorous examination undertaken in good faith will lead to a more tailored and appropriate proposal for redaction. Accordingly, it is hereby

3

ORDERED that, with respect to the Petition itself and this Memorandum Opinion and Order, the Court will direct the Clerk's Office to lift the seal in its entirety unless a supplement to applicant's motion is filed on or before October 23, 2017, demonstrating good cause for the temporary seal to remain in place; and it is

FURTHER ORDERED that the parties shall confer regarding the Petition's exhibits and submit proposed redactions to the Court on or before October 30, 2017.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 10/16/17